This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Roland Ashbrook Wolfe has appealed from a judgment of the Wayne County Court of Common Pleas that designated him a sexual predator. This Court affirms.
 I.
On January 9, 1997, defendant was indicted by the Wayne County Grand Jury on one count of rape in violation of Section2907.02 of the Ohio Revised Code. The indictment alleged that defendant engaged in sexual conduct with a person less than thirteen years of age on December 15, 1996. On April 30, 1997, defendant pled guilty to the indictment.
On June 3, 1997, the trial court held a hearing to determine whether defendant should be classified as a sexual predator. Prior to the hearing, defendant moved the court to find that Sections 2950.01 through 2950.14 of the Ohio Revised Code violated the prohibition against ex post facto laws as provided in the Article I, Section 9 of the United States Constitution and ArticleII, Section 28 of the Ohio Constitution. At the hearing, defendant moved the court to find that Section 2950.09 of the Ohio Revised Code was unconstitutionally vague because it fails to provide specific guidance to courts in determining whether an individual is a sexual predator and it fails to allocate the burden of proof. The court overruled both motions. After hearing testimony, the court determined that defendant was a sexual predator pursuant to Section 2950.09(B) of the Ohio Revised Code. Defendant timely appealed and has asserted two assignments of error.
 II. Assignment of error I Ohio Revised Code [Sections] 2950.01 through 2950.14 as applied to conduct prior to the effective date of the statute [are] unconstitutional because [they are] ex post facto laws prohibited by the United States Constitution, Article I, Section 9, and [they violate] the prohibition against passing retroactive laws in the Ohio Constitution, Article II, Section 28.
In his first assignment of error, defendant has argued that Section 2950.09(B)(1) of the Ohio Revised Code is unconstitutional because it is an ex post facto law which is prohibited by Article I, Section 9 of the United States Constitution and because it violates the prohibition against retroactive laws in Article II, Section 28 of the Ohio Constitution. In State v. Cook (1998),83 Ohio St.3d 404, paragraphs one and two of the syllabus, the Ohio Supreme Court held:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the stature, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Accordingly, defendant's first assignment of error is overruled.
 Assignment of error II Ohio Revised Code 2950.09(B) is unconstitutionally vague as it fails to provide specific guidance to courts who must determine whether or not an individual is a sexual predator and as the statute fails to allocate the burden of proof.
In his second assignment of error, defendant has argued that Section 2950.09(B) of the Ohio Revised Code is unconstitutionally vague because the statute provides no meaningful guidance as to which individuals should be found to be sexual predators. Defendant has further argued that Section 2950.09(B) of the Ohio Revised Code is unconstitutionally vague because it fails to state who bears the burden of proof. Defendant's arguments are without merit.
This Court has already addressed both arguments made by defendant in State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, 12-15. This Court held that the sexual predator laws were not unconstitutionally vague. Id. at 15. Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _________________________ BETH WHITMORE
 FOR THE COURT
BAIRD, P.J.
SLABY, J.
CONCUR____